SARAH DAVIS, ET AL. *v.* D. P. STARK'S EXR.

[Abstract Kentucky Law Reporter, Vol. 6—442.]

**Fraudulent Representations.**

> For evidence held not sufficient to show that an absolute deed was
> executed as a mortgage, and to establish fraud in representations to
> induce the signing of notes, see opinion.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 11, 1884.

OPINION BY JUDGE PRYOR:

This is an action by appellee, Reno, executor of D. P. Stark, de-
ceased, to recover judgment upon two notes given in May, 1871, by
appellant, Sarah J. Davis, who was at the time Sarah J. Haddock,
and a feme sole, and to enforce a vendor's lien upon a certain lot
of land in the city of Louisville for the payment.

It is alleged in the petition that the lot was sold and conveyed by
deed duly executed and recorded from Stark to Sarah J. Haddock
for the consideration of $————, for which she gave three prom-
issory notes, one for $1,333.33 and one for $1,645.87, and that the
first one has been paid off and the second is subject to a credit of
$325 which is indorsed on it.

In defense of the action appellants say that the signature of

Sarah J. Haddock to the notes was procured by the false and fraudulent representations made to her by Stark by which she was induced to sign the notes; that she did not when the deed was executed nor at any other time desire or intend to purchase the lot, but that prior to that time Stark borrowed from her about the amount of money of the first mentioned note promising to repay her in a short time, and failing to do so he executed and delivered the deed to her and she accepted it as a security for the payment of the money he had borrowed from her, and it was then agreed between them and was always while Stark lived so considered and treated by them, and never as an absolute sale and conveyance to her of the lot.

There is some proof tending in some degree to sustain the defense. It appears satisfactorily that Stark did borrow of the appellant about the amount of the first note and owed it at the date of the notes sued on and of the deed. It also appears that Mrs. Haddock's financial condition was not such as to make it prudent for her to promise to pay the large amount she agreed to give for the lot, and which judging from the report of sale filed in this case was much more than it was worth.

Stark paid taxes on the lot for two years after the deed was made, and paid an assessment made on the property for improving the street in front of it, but whether the latter payment was made before or after the deed was made does not clearly appear, nor is it shown who paid the taxes the remainder of the time from the date of the deed to the death of Stark, which occurred in February, 1881.

It is in proof that Stark offered at one and probably more than one time to sell the lot to Mrs. Haddock and that she refused to purchase. Two witnesses state that Stark was sent for on one occasion by Mrs. Haddock and asked by her if he could not pay the money he owed her, and if he was making any effort to sell the lot, to which he replied that there was at that time no sale for property but that in the spring he could sell it to better advantage and that then he would sell it.

The court is asked in this case to cancel the notes sued on upon the allegation that the signature of the obligor was procured by the false and fraudulent representations made to her by the obligee, without any specification as to how they were made or of what

they consisted, and without any proof whatever to sustain the allegation. As to the deed which it is admitted was delivered to and accepted by Mrs. Haddock and duly recorded, the court is asked to set it aside, or to hold it to be simply a mortgage, upon evidence by only her near relatives of acts and detached conversations between the parties by no means sufficient to sustain the theory of the defense, nor necessarily irreconcilable with the validity of the transaction as shown by the written instruments.

The record does not show any motive the parties could have had in the execution and acceptance of an absolute deed instead of a mortgage of the lot, if the purpose was simply to secure the payment of the money Stark had previously borrowed. Nor is there any explanation, except the general and unsupported charge of fraud, offered by Mrs. Haddock for the execution by her, who was the creditor, of the three notes to Stark, who was the debtor. No reason has or, as it appears to the court, can be given for the execution of the notes by her, except that they were given, as is stated in the body of them as well as in the deed, for the purchase-price of the lot in good faith sold by him and purchased by her.

The judgment must be *affirmed*.

*Young & Trabue, for appellants.*

*Barnett, Noble & Barnett, for appellee.*